[Cite as *State v. Shutway*, 2015-Ohio-3165.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-47 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CRB-1385 |
| v. | : | |
| | : | (Criminal Appeal from Champaign |
| JOHN SHUTWAY | : | County Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of August, 2015.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426,
Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorneys for Plaintiff-Appellee

THEODORE D. VALLEY, Atty. Reg. No. 0070867, Baldwin Valley Law, LLC, 854 East
Franklin Street, Centerville, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant John Shutway appeals from his conviction for
Attempted Obstructing Official Business. He contends that the State did not present
evidence sufficient to support the conviction, and that the conviction is against the

manifest weight of the evidence.

{¶ 2} We conclude that there is evidence in this record upon which a reasonable juror could find Shutway guilty of the offense. Accordingly, the judgment of the trial court is Affirmed.

## I.      Shutway Is Arrested

{¶ 3} On December 27, 2013, Champaign County Sheriff's Deputy Justin Allender was on duty, in uniform, in a marked cruiser. As part of his duties, he was serving arrest warrants; one of which was for Shutway. Allender entered Shutway's information into his cruiser computer in order to get a driver's license picture. Upon arriving at the Shutway residence, Allender knocked, and a young man, later identified as Shutway's son, appeared at the glass door. Allender asked, "is John Shutway home," to which the young man responded, "yes, I'll go get him." Tr. p. 99. When Shutway appeared at the door, Allender asked him if he was "John Shutway." *Id.* Shutway answered, "no." *Id.* Allender then stated, "so you're not John Shutway?" *Id.* Shutway again answered in the negative, and stated "that's not my name." *Id.*

{¶ 4} Allender recognized Shutway from his driver's license picture. Because Allender believed that Shutway was lying, and because he was worried for his own safety, Allender called for backup. He then asked Shutway to step outside. Shutway did not comply. Allender then stepped inside, and asked Shutway to put his hands behind his back. Allender then took Shutway's wrists, and placed them behind Shutway's back. Allender could feel resistance from Shutway. Allender had to "apply physical pressure" in order to get Shutway cuffed. According to Allender, any time an arrest warrant is

executed, the person being arrested is placed in handcuffs.

{¶ 5} Allender then asked Shutway to please walk outside, but Shutway refused to walk. Allender repeated the request, but Shutway continued to refuse. Allender then had to use physical pressure on Shutway's back to force him to walk to the cruiser. Shutway was then transported to jail.

## II. The Course of Proceedings

{¶ 6} Shutway was charged with Obstructing Official Business, in violation of R.C. 2921.31. Shutway opted to proceed as his own counsel. The trial court appointed standby counsel to aid Shutway. A jury trial was conducted. At the close of the State's case, the State moved for a jury instruction on Attempted Obstructing Official Business as a lesser-included offense. The motion was granted. Shutway was convicted of Attempted Obstructing Official Business. Shutway appeals.

## III. Evidence in the Record Supports Shutway's Conviction

{¶ 7} Shutway's First Assignment of Error states as follows:

APPELLANT'S CONVICTIONS [SIC] WERE BASED UPON INSUFFICIENT EVIDENCE PRESENTED AT TRIAL.

{¶ 8} Shutway contends that the State failed to set forth evidence sufficient to establish the elements of Attempted Obstructing Official Business. In support, he argues that the State did not demonstrate that he acted purposely to prevent, obstruct, or delay the execution of the warrant.

{¶ 9} "A sufficiency of the evidence argument disputes whether the State has

presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, at ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

{¶ 10} R.C. 2921.31(A) governs the offense of Obstructing Official Business. It provides:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 11} Attempted offenses are proscribed in R.C. 2923.02, which states that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶ 12} The question in this case is whether Shutway, by denying his identity, resisting being cuffed, and refusing to walk to the cruiser, committed the offense of Attempted Obstructing Official Business. The Supreme Court of Ohio has stated that making a false oral statement to a public official with the purpose to mislead constitutes behavior that is punishable pursuant to R.C. 2921.31. *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), syllabus. There is evidence in the record, specifically Shutway's denial of his identity, upon which a juror could infer intent to prevent, obstruct or delay the execution of the arrest warrant. Thus, we conclude that there is evidence sufficient to establish the element of purpose.

{¶ 13} Shutway's First Assignment of Error is overruled.

### IV.     Shutway's Conviction Is Not Against
### the Manifest Weight of the Evidence

{¶ 14} Shutway's Second Assignment of Error states:

APPELLANT'S CONVICTIONS [SIC] WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 15} Shutway bases this argument upon his contention that Allender did not ask for John Shutway, but rather for John Shut-away.

{¶ 16} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely

substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. In conducting a manifest-weight-of-the-evidence review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " S*tate v. Cattledge*, 10th Dist. Franklin No. 10AP–105, 2010–Ohio–4953, ¶ 6, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Accordingly, we afford great deference to a jury's determination of witness credibility. *State v. Redman*, 10th Dist. Franklin No. 10AP–654, 2011–Ohio–1894, ¶ 26.

{¶ 17} Shutway contends that the evidence demonstrates that Allender did not correctly pronounce Shutway's name, and that Shutway was thereby justified in stating that he was not the person being sought. In support, he claims that Allender did not know whether he pronounced Shutway's name correctly when he first made contact with him. He further notes that his son testified that Allender pronounced the name incorrectly.

{¶ 18} We begin with the claim that Allender did not know whether he stated Shutway's name correctly. During his testimony on direct, Allender stated that he asked for John Shutway at all times relevant. Later, when asked by the prosecutor whether he stated the name correctly, Allender replied, "I believe so. The young gentleman who answered the door knew who I was speaking about." Tr. p. 106. Shutway contends

that this statement indicates that Allender was not able to state whether he pronounced the name properly. We do not agree. Our reading of the passage does not lead us to the conclusion reached by Shutway. Instead, it merely indicates that Allender was confirming his prior testimony that he asked for John Shutway. Furthermore, when cross-examined by Shutway, Allender testified that he remembered asking for John Shutway.

{¶ 19} Shutway also contends that the jury should have given more credence to the testimony of his son, who indicated that Allender pronounced the name as "Shut-away." However, as stated above, the credibility of witnesses is a matter for the jury. We cannot say that the jurors acted unreasonably in accepting Allender's testimony over that of the son, who knew that Allender, in his initial inquiry, was referring to Shutway.

{¶ 20} This is not the rare case in which a jury lost its way, creating a manifest miscarriage of justice. Upon the evidence in this record, the jury could reasonably find that Allender correctly pronounced Shutway's name, and that Shutway attempted to mislead the deputy by denying his identity.

{¶ 21} The Second Assignment of Error is overruled.


## V.    Conclusion

{¶ 22} Both of Shutway's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.


Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Theodore D. Valley
Hon. Teresa L. Liston
(sitting by assignment for Judge Fornof-Lippencott,
 whose successor is Hon. Gil S. Weithman)




| | |
|---|---|
| Case Name: | *State of Ohio v. John Shutway* |
| Case No: | Champaign App. No. 2013-CA-47 |
| Panel: | Froelich, Fain, Hall |
| Author: | Mike Fain |
| Summary: | Defendant's conviction for Attempted Obstruction of Official Business is supported by sufficient evidence, and is not against the manifest weight of the evidence.   Affirmed. |